is reduced to $200,000. A total of 6,539 hours have been devoted by defendant's counsel to this litigation. The award, therefore, is at the rate of approximately $30 per hour. There is a point at which one may conclude an award for legal services is not reasonable. We should judicially notice it is unreasonable to assume that legal services of the nature and extent here involved are available at this hourly rate. An hourly rate of less than $75 for such legal services is, in my opinion, inadequate and unreasonable. In addition, defendant should be awarded the disbursements and the fees for the legal experts. Settle order on notice.

### (June 8, 1967)

In the Matter of DANIEL ROSENBLOOM v. STATE OF NEW YORK. —

Concur — Botein, P. J., Stevens, Eager, Tilzer and Rabin, JJ.
WILLIAM A. SIMPSON et al. v. FRED LOEHMANN. —

Concur —
Stevens, J. P., Steuer, Tilzer, Rabin and Bastow, JJ.
McKEE-BERGER-MANSUETO, INC., et al. v. B. FEDERMAN et al. —

Concur — Steuer, J. P., Tilzer, Rabin, McNally and Staley, Jr., JJ.

### (June 13, 1967)

In the Matter of JERRY ADAMO, Petitioner, v. JUSTICES OF THE SUPREME COURT OF THE STATE OF NEW YORK, Assigned to Preside in Any of the Parts of the Supreme Court of the County of Bronx Held for the Trial of Criminal Indictments, et al., Respondents.

*Per Curiam.* In the face of the jurors' declaration that they would try to reach an agreement, their failure to state a half hour later that they now felt that agreement was impossible, the expressed wish of both the prosecutor and the defense counsel that the jury be permitted to continue their deliberation, the objection by defendant's counsel to any mistrial and his entreaty that the court comply with the jury's last request that certain testimony be reread to them, the court was without discretionary power to discharge the jury. "It was not the intention of the legislature to permit the court to exercise discretion in discharging a jury at any point of time prior to a declaration by them of their inability to agree. * * * It [Code Crim. Pro., § 428] was intended to take away the unqualified discretion that had theretofore existed in the courts in regard to discharging a jury and make the discretion of the courts dependent upon a prior declaration by the jury of their ability or inability to agree." (*People ex rel. Stabile* v. *Warden,* 202 N. Y. 138,